UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 24-11770-RGS

RADIUS HEALTH, INC.

v.

ORBICULAR PHARMACEUTICAL
TECHNOLOGIES PRIVATE LIMITED,
CIPLA LIMITED, and CIPLA USA INC.

MEMORANDUM AND ORDER ON
CLAIM CONSTRUCTION

October 7, 2025

STEARNS, D.J.

Plaintiff Radius Health, Inc. (Radius) accuses defendants Orbicular Pharmaceutical Technologies Private Limited (Orbicular) and Cipla Limited and Cipla USA Inc. (collectively, Cipla) of infringing United States Patent No. 11,977,067 (the '067 patent). Before the court are the parties' briefs on claim construction. The court heard argument pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996), on September 30, 2025.

**THE PATENTS**

The court assumes familiarity with the abaloparatide peptide, which is discussed in depth in the court's Findings of Fact, Rulings of Law, and Order After a Bench Trial in the related case *Radius Health, Inc. v. Orbicular*

*Pharmaceuticals Private Limited*, 2025 WL 2147860 (D. Mass. July 30, 2025). The '067 patent is directed to beta-Asp10 isomers of abaloparatide and pharmaceutical compositions containing these isomers. For the purposes of claim construction, two claims are relevant:

> **1.** An isomer of abaloparatide comprising beta-Asp10 abaloparatide, as set forth in the sequence:
>
> (SEQ ID NO: 2)
>
> Ala-Val-Ser-Glu-His-Gln-Leu-Leu-His-Asp-Lys-Gly-Lys-Ser-Ile-Gln-Asp-Leu-Arg-Arg-Arg-Glu-Leu-Leu-Glu-Lys-Leu-Leu-Aib-Lys-Leu-His-Thr-Ala-NH$_2$.
>
> **8.** The pharmaceutical composition of claim 4, wherein the pharmaceutical composition is a formulated drug product.

Specifically, the parties dispute the following terms used in these claims:

- "an isomer of abaloparatide," and
- "formulated drug product."

## DISCUSSION

Claim construction is a matter of law. *See Markman*, 517 U.S. at 388-389. Claim terms "are generally given [the] ordinary and customary meaning" that would be ascribed by "a person of ordinary skill in the art in question at the time of the invention." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312-1313 (Fed. Cir. 2005) (en banc), quoting *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996). In determining

how a person of ordinary skill in the art would have understood the claim terms at the time of the invention, the court looks to the specification of the patent, its prosecution history, and, in limited instances where appropriate, extrinsic evidence such as dictionaries, treatises, or expert testimony. *Id.* at 1315-1317. Ultimately, "[t]he construction that stays true to the claim language and most naturally aligns with the patent's description of the invention will be, in the end, the correct construction." *Id.* at 1316, quoting *Renishaw PLC v. Marposs Societa' per Azioni*, 158 F.3d 1243, 1250 (Fed. Cir. 1998).

***"an isomer of abaloparatide"***

The parties first dispute whether "an isomer of abaloparatide" is a single isomer of abaloparatide (as Orbicular and Cipla propose) or one or more isomers of abaloparatide (as Radius maintains).[1] Having reviewed the briefing and heard argument, the court agrees with Radius that the second interpretation is the only correct one.

---

[1] The parties might better have spent their efforts disputing what it means to "compris[e] beta-Asp10 abaloparatide, as set forth in the sequence." '067 patent, cl. 1. Must the isomer include beta-Asp10 abaloparatide as set forth in the recited sequence (which would effectively limit the claim to one or more of only that isomer), or may it include any beta-Asp10 abaloparatide which has beta-Asp in position 10 consistent with the recited sequence? The question is destined to remain unresolved, however, as the parties failed to present the term "compris[e] beta-Asp10 abaloparatide, as set forth in the sequence" for construction.

3

"As a general rule, the words 'a' or 'an' in a patent claim carry the meaning of 'one or more.'" *o1 Communique Lab'y, Inc. v. LogMeIn, Inc.*, 687 F.3d 1292, 1297 (Fed. Cir. 2012), quoting *TiVo, Inc. v. EchoStar Commc'ns Corp.*, 516 F.3d 1290, 1303 (Fed. Cir. 2008). An exception arises only where the patentee has "evince[d] a clear intent to limit 'a' or 'an' to 'one'" – in other words, "where the language of the claims themselves, the specification, or the prosecution history necessitate a departure from the rule." *o1 Communique Lab'y, Inc.*, 687 F.3d at 1297, quoting *Baldwin Graphic Sys., Inc. v. Siebert, Inc.*, 512 F.3d 1338, 1342, 1343 (Fed. Cir. 2008).

The court does not discern any clear intent to limit "an" to one in the intrinsic record of the '067 patent. The claim itself does not contain any language inconsistent with interpreting "an" as one or more – it does not, for example, juxtapose the article with plural language, as the Federal Circuit found significant in *Harari v. Lee*, 656 F.3d 1331 (Fed. Cir. 2011).[2] *See id.* at 1341 (use of "a number of" in the same sentence as "a" evinced an intent to

---

[2] To the extent Orbicular and Cipla contend that the use of the article "the" in dependent claim 2 "reinforc[es] that the antecedent basis is a singular entity," Defs.' Opening Br. [Dkt # 37] at 5, they ignore well-established precedent. The Federal Circuit has stated that "[t]he subsequent use of definite articles 'the' or 'said' in a claim to refer back to the same claim term does not change the general plural rule, but simply reinvokes that non-singular meaning." *o1 Communique Lab'y, Inc.*, 687 F.3d at 1297, quoting *Baldwin Graphic Sys., Inc.*, 512 F.3d at 1342.

4

limit "a" to a single bit line). As for the specification, even assuming that Orbicular and Cipla are correct that it only refers to "'an isomer' or 'the isomer' in the singular,"[3] Defs.' Br. at 5, this fact alone does not "necessitate a departure from the rule." *01 Communique Lab'y, Inc.*, 687 F.3d at 1297, quoting *Baldwin Graphic Sys., Inc.*, 512 F.3d at 1343. At best, it creates ambiguity, and ambiguity, by itself, "hardly is evidence of the clear intent necessary to overcome the effect of the general rule of claim construction applicable here." *01 Communique Laby's, Inc.*, 687 F.3d at 1297.

### *"formulated drug product"*

Radius argues that the proper construction of "formulated drug product" is "a formulation in which an active pharmaceutical ingredient has been formulated in an aqueous vehicle suitable for drug delivery." Am. Joint Claim Construction Statement [Dkt # 36], Ex. A. Orbicular disagrees, contending that a "formulated drug product" is "a formulation that may comprise one or more additional components beyond an active pharmaceutical ingredient, including both active (e.g., additional therapeutic agents) and inactive (e.g., excipients, buffers, etc.) components." *Id.*

---

[3] The court offers no opinion on the merits of the issue.

The court will adopt Radius's construction. The specification defines "formulated abaloparatide drug product" as "an abaloparatide formulation in which the abaloparatide API has been formulated in an aqueous vehicle suitable for drug delivery." '067 patent, col. 9, ll. 54-56. Because a "formulated drug product" is a "formulated abaloparatide drug product" without the requirement of abaloparatide, logic would dictate that the correct definition of the term is "a formulation in which the API has been formulated in an aqueous vehicle suitable for drug delivery."

Other definitions within the specification confirm the court's understanding of the term.[4] An "abaloparatide formulation," for example, is defined as "an API *or* formulated drug product comprising abaloparatide." *Id.*, col. 9, ll. 58-60 (emphasis added). The specification distinguishes abaloparatide API from a formulated abaloparatide drug product based on whether the peptide has been formulated in an aqueous vehicle suitable for drug delivery. *Compare id.*, col. 9, ll. 47-50 ("The term 'abaloparatide API' as used herein refers to an abaloparatide formulation that has undergone

---

[4] The court does not mean to imply that Orbicular and Cipla are factually wrong in asserting that a formulated drug product *may* include additional ingredients beyond the API. Radius itself does not appear to substantively dispute this point. All the court holds is that the specification does not *define* "formulated drug product" based on what it may (but need not) contain.

6

final manufacture and purification of the peptide, but has not yet been formulated in an aqueous vehicle suitable for drug delivery."), *with id.*, col. 9, ll. 54-57 ("The term 'formulated abaloparatide drug product' as used herein refers to an abaloparatide formulation in which the abaloparatide API has been formulated in an aqueous vehicle suitable for drug delivery."). It follows that a formulated drug product is a formulation which has been formulated in an aqueous vehicle suitable for drug delivery.

## ORDER

The claim terms at issue will be construed for all purposes in the pending litigation in a manner consistent with the above rulings of the court.

                SO ORDERED.

                /s/ Richard G. Stearns
                UNITED STATES DISTRICT JUDGE